UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 1:06CR439 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| LANCE MARTIN, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Lance Martin's motion in which he moves pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 750 ("Amendment 750") to the United States Sentencing Guidelines. The motion is GRANTED.

Amendment 750, which became effective November 1, 2011, made retroactive changes to the Sentencing Guideline's drug quantity tables for crack cocaine offenses to account for the FSA's substantial increase in the threshold quantities of crack cocaine required to trigger the mandatory minimum penalties set forth in 21 U.S.C. § 841(b). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." *United States v. Turner*, 2011 WL 4704277, at *1 (W.D.Va. 2011).

18 U.S.C. § 3582(c)(2) allows a district court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

> The Supreme Court described § 3582(c)(2) as establishing a two-part inquiry. *See Dillon v. United States*, 130 S.Ct. 2683, 2691–92 (2010). First, a court must determine whether a defendant is eligible for a reduction consistent with the applicable Guidelines policy statement, here, U.S.S.G. § 1B1.10. …
>
> Second, the court must consider whether and to what extent any authorized reduction is warranted in the particular case. *See Dillon*, 130 S. Ct at 2691–92. This inquiry "shall" include consideration of the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may" include consideration of the "post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, note 1.

*United States v. Nesbitt*, 420 Fed. Appx. 541, 545 (6th Cir. 2011).

The Government agrees that Martin is eligible for a sentencing reduction. However, the Government contends that any reduction is limited by the mandatory minimum sentence of sixty months. Martin responds that his "applicable guideline range" should be considered along with his assistance and therefore he can pierce the mandatory minimum.

In *United States v. Lawson*, Case No. 1:03CR435, this Court rejected the arguments put forth regarding "applicable guideline range." The Court fully incorporates that analysis herein and finds no merit to Martin's contention that his guideline range should be 41 to 53 months. Instead, the Court agrees with the Government that any reduction to Martin's sentence cannot fall below the mandatory minimum. Additionally, assuming *arguendo* that Martin could receive a sentence below 60 months, the Court would not impose such a low sentence following its review of the § 3553(a) factors.

As contained in § 3553(a), the Court must examine the danger to the community that may be posed by a reduction to Martin's sentence.  In so doing, the Court has examined Martin's criminal history as well as the nature and circumstances surrounding the conviction that resulted in his current term of imprisonment.

On April 27, 2006, undercover agents purchased 13.51 grams of crack cocaine from Martin.  On May 2, 2006, agents purchased an additional 21.51 grams of crack cocaine from Martin.  On May 5, 2006, agents seized 55.01 grams of cocaine from Martin's residence.  On May 26, 2006, agents purchased another 31 gram of crack cocaine from Martin.  Finally, on September 27, 2006, agents purchased a final 28.7 grams of crack cocaine from Martin.  These facts gave rise to Martin's federal indictment.

In addition, Martin was charged with preparing drugs for shipment on March 14, 1991.  At that time, Martin was arrested in possession of 6.83 grams of cocaine and 25.78 grams of crack cocaine.  On October 10, 1995, Martin was charged with having a weapon under disability and child endangering.  Those charges arose when officers investigated a child with a gunshot wound at Meridia Huron Hospital.  Upon investigation, the victim's mother claimed that the victim, a one-year old child, was on the front porch at the time of the shooting.  The child's father, Martin, claimed to be in the kitchen area.  Further investigation revealed blood and a small sneaker with a hole on both sides in an upstairs bedroom.  Officers searched the residence and found a 12 gauge shotgun inside a plastic trash bag in bushes outside the garage to the residence.  The shotgun was loaded with two live shells and had one spent shell in the chamber.  Ultimately, the child's foot was amputated due to the injury sustained.  Finally, Martin was involved in several minor traffic offenses for noise violations and also convicted of driving while impaired.

As noted above, Martin's federal conviction involved both cocaine and crack cocaine.

This conduct mimics his state law conviction that dates back to 1991 in which Martin was found in possession of both crack cocaine and powder cocaine.  Moreover, following that initial conviction, Martin was found in possession of a sawed-off shotgun.  Not only was the shotgun hidden from officers after the injury to Martin's child, but it is apparent that Martin and the child's mother lied about what led up to their one-year old child being shot in the foot and ultimately having his foot amputated.

Given Martin's willingness to continue to sell and possess crack cocaine and powder cocaine, his argument that he seeks to provide meaningful family support is severely undermined.  If Martin were truly concerned about his family's well being, he would not have repeatedly engaged in the conduct of selling crack cocaine.  Engaging in such an activity not only put Martin's family at risk, but untold numbers of families suffered from Martin contributing to the drug problems in the Cleveland area.

Based upon Martin's repeated sales of crack cocaine and his past criminal history that includes a firearm offense, the Court finds that the danger to the public is strong.  Accordingly, the Court finds that Martin is eligible for a sentencing reduction, but finds that a review of the § 3553(a) does not warrant a sentence at or near the mandatory minimum.  The Court finds that a sentence of **70 months** is sufficient but not greater than necessary.  Accordingly, Martin's motion is GRANTED and his sentence is hereby **REDUCED TO 70 MONTHS.**

IT IS SO ORDERED.

|  |  |
|---|---|
| *June 21, 2012* | */s/ John R. Adams* |
| Date | Judge John R. Adams |
|  | United States District Court |